## UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ASSASSINATION ARCHIVES | * | |
| AND RESEARCH CENTER, INC., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Case No. 23-5004 |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Appellee. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## APPELLANTS' UNOPPOSED *NUNC PRO TUNC* ##
## MOTION FOR LEAVE TO EXCEED WORD LIMIT ##

Pursuant to Circuit Rule 27(h)(3), Appellant Assassination Archives and Research Center, Inc. ("AARC") hereby requests leave to exceed the 5,200-word limit established by Federal Rule of Civil Procedure 27(d)(2)(A) for its motion for partial summary reversal. AARC's motion, filed as Dkt. #1993837, contains 6,508 words, not including segments excluded by other rules. Appellee does not oppose this Motion.

AARC has extraordinarily compelling reasons for requesting this relief. Fully half of its motion—3,294 out of 6,508 words—consists of a straight recitation of the factual and procedural background of the case, which is critical to understanding the nature of the District Court proceedings and the pattern of abuses of discretion about which AARC is complaining. This motion directly

implicates five separate orders issued over a four-year period, which in turn require an awareness of the context provided by arguments made in numerous other status reports, status conferences, and motions. The "Argument" section of AARC's motion is only intelligible if the reader is already familiar with this extensive interrelated sequence of events, and every attempt made by the undersigned to shorten the "Factual Background" section—of which there were several over the course of three days—only created greater confusion about the "Argument" section which required more description, which all but negated the reduction of the "Factual Background" section while making the analysis more difficult to understand.

Given the number of issues in controversy in this appeal and the fact that AARC is limiting the scope of its motion for partial summary reversal to just the three or four most obvious ones, it is reasonable to grant this motion in light of the cost of denying it. Despite the undersigned's best efforts, it was simply not feasible to address these issues in a motion which conformed to the 5,200-word limit in a sufficiently detailed fashion as to convince the Court that the extraordinary remedy of summary reversal is warranted in this case.

Granting this Motion serves judicial economy. The burden for summary reversal is high: the movant must show that "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the

outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The answer must be so obvious that fully arguing the merits of the issues through formal briefing and oral arguments would be *a waste of the Court's time*. It therefore makes sense that more words should be allowed to reach such a high bar. It makes equal sense that motions like this one should be granted when the alternative is full formal briefing of matters about which, if more words had been allowed at the summary disposition stage, the Court would have reached a conclusion much earlier with much less argument.

The undersigned also apologizes to the Court for not filing this motion five days before AARC's motion was due as required by Circuit Rule 27(h)(1) but maintains that exceptional circumstances apply. As AARC previously advised the Court, the undersigned was medically unable to significantly work on this or any other matter until the end of March, which necessitated requesting an extension of the 24 March deadline until 7 April. Even if he had been able to fully return to work on 29 March as he originally intended—which he was not—that would have left him with only two days to research and write enough of AARC's motion to know that he would be unable to adhere to the 5,200-word limit, let alone how many additional words he would need, in order to file this Motion five days before the 7 April deadline. As it was, he spent much of this past week attempting to draft a motion which stayed within the 5,200-word limit, out of recognition of the fact

that the court disfavors motions to exceed length limits, and this effort was
adversely affected by the fact that his daughter's public school is out for spring
break this week. In fact, most of the work he performed on 7 April consisted of
attempting to find ways to shorten the motion, which was originally significantly
longer than the final 6,508-word filed version. Simply put, the undersigned worked
up until the filing deadline in an ultimately unsuccessful attempt to avoid having to
seek leave to file excess words, which should excuse his failure to seek such leave
a week in advance.[1]

The Court should accordingly grant this Motion and accept the motion
lodged as Dkt. #1993837. If the Court denies this Motion, it should afford AARC
one week to redraft and file a motion for partial summary reversal which comports
with whatever length limitation the Court deems appropriate.

Date: April 10, 2023

Respectfully submitted,

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org
*Counsel for Appellant*

---

[1] AARC is filing this Motion *nunc pro tunc* because the undersigned waited to
learn Appellee's position on this Motion before filing.

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing filing contains 916 words, and was prepared in 14-point Times New Roman font using Microsoft Word 2016.

 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
