# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-5004**  September Term, 2023
FILED ON: JUNE 18, 2024

ASSASSINATION ARCHIVES AND RESEARCH CENTER,
APPELLANT

v.

UNITED STATES DEPARTMENT OF JUSTICE,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-01868)

Before: HENDERSON and GARCIA, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument. The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the district court's order of dismissal be **AFFIRMED**.

### I.

Appellant Assassination Archives and Research Center sought records from the Federal Bureau of Investigation ("FBI") pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and, in 2018 sued to contest the speed and cost of the FBI's response. For nearly two years the Center paid the FBI's duplication fees and the FBI made twenty-three monthly productions of responsive documents. The productions ceased after December 2021, when the Center fell $52.50 into arrears for the last four productions. The Center moved for partial summary judgment, arguing that the FBI's fees were unreasonable. It also moved to compel the Justice Department to seek an *Open America* stay, and then for an extension of time to respond to the government's opposition to its motions. In February 2022, the district court summarily denied the Center's motions "[b]ecause the Center has repeatedly disregarded the Court's standing order [on extensions of time] and scheduling orders" despite warnings to comply. Order (Feb. 14, 2022). In September 2022, the district court granted the FBI's motion for partial summary judgment as to the $52.50 arrearage and ordered the Center to pay that amount within fourteen days "upon penalty of dismissal of the

action." Order (Sept. 30, 2022). The Order directed the government "shall promptly inform" the court if the Center does not pay within the time specified, so that the court "may dismiss this action." When a month passed and the Center had not paid the arrearage, the district court granted the FBI's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) based on the Center's failure to comply with the order to pay. Order (Nov. 8, 2022). The Center appeals. This court affirms, finding in these circumstances no abuse of discretion by the district court in dismissing the case. *See Clemente v. FBI*, 867 F.3d 111, 122 (D.C. Cir. 2017) (citation omitted).

## II.

District courts' inherent powers to levy sanctions "for conduct which abuses the judicial process," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991), are "ancient" and "well-acknowledged." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–632 (1962). Rule 41(b) of the Federal Rules of Civil Procedure overlaps with this inherent authority, *see id.* at 630, authorizing dismissal upon party motion "'[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court.'" *Gardner v. United States*, 211 F.3d 1305, 1308 (D.C. Cir. 2000) (quoting FED R. CIV. P. 41(b)). Rule 41(b) dismissals can be justified where there is an "indication that the client or attorney consciously fails to comply with a court order cognizant of the drastic ramifications," and are appropriate when predicated upon "the culmination of a protracted course of dilatory tactics and other improper behavior" rather than a "single instance" of misconduct. *Id.* at 1309.

On appeal, the Center "openly admits that it refused to pay the fees because they had not been found proper on the merits" or to respond to the district court's September 30, 2022, order to pay because it viewed the court's order as "improper." Reply Br. 17. At oral argument, the Center's counsel acknowledged that no opposition to the motion to dismiss was filed because, as he saw it, "based on the judge's previous holdings and how our previous briefs had been ignored, there was nothing we could argue on[,]" as the Center was "still contesting that the fees were proper in the first place," and while it "ran the risk of being denied, . . . that was the only way to get any of this reversed. To get before [this court]." Oral Arg. Tape Recording 11:53–12:50.

This court has acknowledged that a Rule 41(b) dismissal is a harsh remedy and yet affirmed the dismissal of a district court case where an attorney similarly ignored a court order to accelerate appeal to this court. S*ee Clemente*, 867 F.3d at 122–23. It also has reversed. *See Berry v. District of Columbia*, 833 F.2d 1031, 1037 (D.C. Cir. 1987) (cited in *Gardner*, 211 F.3d at 1310). Of the three basic justifications for dismissal, *see Gardner*, 211 F.3d at 1309, the Center falls within the third – "deterrence of future misconduct" – and it offers no persuasive reason for a different result here. True, the Center's legal challenge to the reasonableness of the fees had yet to be decided on the merits. The district court order, however, included an express warning of the consequential "penalty" of dismissal upon non-payment of fee arrearages by a date certain. Further, and critically, in denying the Center's motion for summary judgment, the district court had found that the Center "repeatedly disregarded" the procedural rules and failed to prosecute its case, Order (Feb. 14, 2022), indicating that the Center's failure to respond to the September 30, 2022, order to pay the fee arrearages or risk dismissal was not an isolated incident of misconduct but "the culmination of a protracted course of dilatory tactics and other improper behavior." *Gardner*, 211 F.3d at 1309. Counsel's explanation at oral argument of the Center's non-response to the September 30, 2022, order, was, as *Gardner* makes clear, a non-starter.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R. APP. P. 41(b); D.C. CIR. R. 41.

## Per Curiam

                         **FOR THE COURT:**
                         Mark J. Langer, Clerk

BY:    /s/
        Daniel J. Reidy
        Deputy Clerk